[Civ. No. 6503. First Appellate District, Division Two.—April 2, 1929.]

THE JOHN BREUNER COMPANY (a Corporation), Respondent, v. CLIFFORD S. ALLRED, Appellant.

I. M. Peckham for Appellant.

Ernest L. Brune for Respondent.

KOFORD, P. J.—Plaintiff obtained judgment upon a jury's verdict for $811.75 for draperies and floor covering furnished and installed in a model home. It was one of a number of new homes which defendant had built upon land owned by himself for the purpose of sale. The points raised by defendant as appellant here are: First, the sufficiency of the evidence to show that C. W. Pearce, who made the agreement of purchase of the goods, was the agent of defendant either by authorization or by ratification, and second, claimed errors in giving instructions said not to have support in the evidence and in refusing requested instructions which also involves only a consideration of the evidence. The sufficiency in law of none of the instructions is argued. At the end of plaintiff's case in chief defendant's motion for a nonsuit and a motion to strike out the evidence were denied. The defendant thereupon proceeded with his evidence and now contends that the adverse judgment appealed from is not supported by the evidence.

There is sufficient substantial evidence to support the judgment. Disregarding denials and contradictory evidence offered in behalf of the defendant, there was evidence to support the following narrative: Pearce was a real estate salesman or broker. He had and occupied a desk in the office of appellant. That office contained a number of desks for appellant's salesmen, one for his sales manager, Sibbald, and another for his bookkeeper. Pearce approached Hauer, an outside salesman of the respondent, stating that appellant wanted the respondent to lend the necessary furniture to furnish the model home. After several meetings between these two men, at the model home, at appellant's office and at respondent's store, the agreement was made between them to lend the furniture and sell to appellant the draperies and floor coverings. Later Pearce and appellant's sales manager Sibbald called at respondent's store and talked with said Hauer and John Breuner, Jr., who consented to give a certain amount of advertisement to the model home. Sib-

bald and Pearce asked Breuner how much the draperies and floor coverings were to cost and he replied that it would be cost plus fifteen per cent because of the advertising in it, and that, because he could not use them after being cut for the home, he expected them to buy them. Later Pearce, in the presence of Hauer, met appellant. He told him about the advertising, that the draperies would cost about $650 and that carpet and linoleum would be extra. Appellant replied, ''That is fine, go ahead,'' and further told Pearce to keep on the job as he did not want to spend all that money for nothing. This was before the installation of the goods. Appellant ordered his painter to decorate the house in harmony with the colors planned by respondent's salesman. After the model home was completely finished and furnished, the hostess placed in charge was instructed to quote one sale price of $13,500 for the house, lot, draperies, carpet and linoleum and not to quote any price for the home without the said furnishings nor for the furnishings without the home. Appellant himself personally instructed a salesman of respondent to quote the above price, stating that that included the drapes and floor covering. There was testimony that the price of the house before it was furnished was $12,500, but none is pointed out regarding what was to be done with the balance of the extra $1,000 after paying the $811.75 for the costs of the drapes and floor covering. On the last day of the period for which respondent had agreed to lend the furniture, a purchaser for the home was secured, but only for the home and not for the drapes and floor coverings, price $12,500. When appellant was personally presented with a bill for the goods he stated that he did not intend to pay the bill because the said respondent had not lived up to its promises to give certain newspaper advertisement and so he would not live up to his promise. He did not at that time deny having bought the goods nor state that he was not liable therefor. At the trial appellant as a witness admitted having authorized Pearce to have respondent install furniture and furnishings in the house, but denied knowing that it would cost him anything.

We have stated enough of the evidence to show that the verdict is supported by substantial evidence tending to prove that appellant's authorized agent or agents agreed on his behalf to pay for the goods, and that appellant's

authorization could also be inferred from conduct amounting to ratification or estoppel or from his conduct in holding Pearce or Sibbald out as an ostensible agent.

The motion for nonsuit and to strike the evidence were therefore properly denied. The appellants claim that the jury must have disregarded certain sound instructions given on the law of agency in order to arrive at their verdict is also the same point stated in a different manner. (24 Cal. Jur. 796, and cases cited.)

From what we have said about the nature and sufficiency of the evidence it follows that it was not error for the court to instruct upon ratification or to modify defendant's requested instruction upon authorization of an agent by his principal by interpolating phrases about ratification and ostensible agency. It was not necessary that the evidence actually demonstrate that appellant had full knowledge before instructions on ratification could be given; it was sufficient that there was substantial evidence from which the jury could infer that such full knowledge actually existed.

It is claimed that the court erred in instructing on ostensible agency from lack of care, because it is said the evidence showed a want of ordinary care on the part of respondent and did not show the want of it on the part of defendant. The contrary of both assertions is supported by the evidence, notably the conversation in which appellant commended Pearce and told him to keep on the job after being informed of the purchase and cost of the drapes and floor coverings—all this in the presence of the agent of respondent. The same evidence supports instruction No. XXXI concerning ratification by implication. The evidence by no means compels the conclusion that defendant had no knowledge of the acts of Pearce and Sibbald until after respondent had completely performed its part of the bargain. The conversation last referred to is shown in the evidence in one place to have taken place one and one-half months before the exhibit was opened.

The instructions requested by defendant and shown on pages 29 and 30 of appellant's opening brief were properly refused. They both undertook to direct a verdict for defendant in case of certain findings of the jury. The first did so in case the jury found that defendant only

authorized Pearce to use his house without consideration being given to the evidence of ratification. The substance of the law contained in it was given in other instructions shown on pages 23 and 24 of respondent's brief. The second of these two refused instructions directing a verdict for defendant was faulty and confusing for omitting to state what the jury should do if they found that plaintiff had made an absolute sale of the goods to defendant as a part of their arrangement. Owing to this defect, the instruction directed a verdict for the defendant in case plaintiff failed to perform a certain part of whatever the arrangement was between the plaintiff and defendant without stating what the terms of that arrangement would have to be in order that the defendant should be entitled to a verdict on account of plaintiff's not performing such part of it.

The two general instructions requested about the inability of an agent to define his agency were given in substance by the court in instructions VIII and IX.

■ Before giving the requested instruction on page 31 of appellant's opening brief the court did not err in striking the parts inclosed in brackets. The given part is complete upon the subject and the excluded part has the vice of assuming facts and also of telling the jury to consider as immaterial on the main issue the fact that Pearce was authorized by appellant to sell houses. This was a part of the evidence of the case which was in the record, not stricken out, nor subject to other infirmity. The jury must consider all the evidence of the entire case before deciding the issues. The relationship of all kinds existing between Pearce and Allred as shown in the evidence could be considered by the jury in drawing inferences respecting all the issues in the case so far as it appealed to their minds as rational men.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1929.